# 13-2364-cv

IN THE

# United States Court of Appeals

## FOR THE SECOND CIRCUIT

◆ ◆ ◆

NORBERT G. KAESS, on behalf of themselves and all others similarly situated, BELMONT HOLDINGS CORP., MARIA FARRUGGIO, on behalf of themselves and all others similarly situated, EDWARD P. ZEMPRELLI, on behalf of himself and all others similarly situated,

*Plaintiffs-Appellants,*

(*caption continued on inside cover*)

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

**BRIEF FOR DEFENDANTS-APPELLEES UBS SECURITIES LLC, CITIGROUP GLOBAL MARKETS INC., MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED, WACHOVIA CAPITAL MARKETS, LLC, MORGAN STANLEY & CO., INC. AND BANC OF AMERICA SECURITIES LLC**

SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000

*Attorneys for Defendants-Appellees
  UBS Securities LLC, Citigroup
  Global Markets Inc., Merrill
  Lynch, Pierce, Fenner & Smith
  Incorporated, Wachovia Capital
  Markets, LLC, Morgan Stanley
  & Co., Inc. and Banc of America
  Securities LLC*

*Of Counsel*:

  JAY B. KASNER
  SCOTT D. MUSOFF
  GARY J. HACKER

Shirley Bachrach, Individually and on behalf of all others similarly situated, George Gerson, Individually and on behalf of all others similarly situated, Ridge Oak Management, Inc., On behalf of itself and all others similarly situated,

*Plaintiffs,*

—against—

Deutsche Bank AG, Deutsche Bank Capital Funding Trust VIII, Deutsche Bank Capital Funding LLC VIII, Deutsche Bank Capital Funding Trust X, Deutsche Bank Capital Funding LLC X, Josef Ackerman, Anthony Di Iorio, Banziger Hugo, Tessen Von Heydebreck, Hermann-Josef Lamberti, Martin Edelmann, Pete Sturzinger, Detlef Bindert, Jonathan Blake, Marco Zimmermann, UBS Securities LLC, Citigroup Global Markets, Inc., Merrill Lynch, Pierce, Fenner & Smith Incorporated, Wachovia Capital Markets, LLC, Morgan Stanley & Co. Incorporated, Deutsche Bank Securities Inc., Banc of America Securities LLC, Deutsche Bank Contingent Capital Trust III, Deutsche Bank Contingent Capital Trust V, Deutsche Bank Contingent Capital Funding LLC IX, Deutsche Bank D Capital Funding LLC IX, Rainer Rauleder, Deutsche Bank Contingent Capital Trust III, Deutsche Bank Contingent Capital LLC III, KPMG Deutsche Treuhand-Gesellschaft, KPMG International, Deutsche Bank Contingent Capital Trust II, Deutsche Bank Contingent Capital LLC II,

*Defendants-Appellees.*

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure, the Underwriter Defendants-Appellees[1] state that:

1.  Banc of America Securities LLC

On November 1, 2010, Banc of America Securities LLC ("BAS") was merged into Merrill Lynch, Pierce, Fenner & Smith Incorporated ("MLPF&S"), at which time all of the issued and outstanding membership interests of BAS were cancelled.  MLPF&S is a wholly-owned subsidiary of NB Holdings Corporation. NB Holdings Corporation is a direct subsidiary of Bank of America Corporation, which owns all of the common stock of NB Holdings Corporation.  Bank of America Corporation is a publicly held company whose shares are traded on the New York Stock Exchange.  Bank of America Corporation has no parent company and no publicly held corporation owns more than 10% of Bank of America Corporation's shares.

2.  Citigroup Global Markets Incorporated

Citigroup Global Markets Inc. is a wholly-owned subsidiary of Citigroup Financial Products Inc., which, in turn, is a wholly-owned subsidiary of

---

[1] The Underwriter Defendants-Appellees are Banc of America Securities LLC (n/k/a Merrill Lynch, Pierce, Fenner & Smith Incorporated), Citigroup Global Markets Inc., Merrill Lynch, Pierce, Fenner & Smith Incorporated, Morgan Stanley & Co. Inc. (n/k/a Morgan Stanley & Co. LLC), UBS Securities LLC and Wachovia Capital Markets, LLC (n/k/a Wells Fargo Securities, LLC).

Citigroup Global Markets Holdings Inc., which, in turn, is a wholly-owned subsidiary of Citigroup Inc., a publicly held company.  Citigroup Inc. has no parent corporation and no publicly held corporation owns 10% or more of its stock.

3.    <u>Merrill Lynch, Pierce, Fenner & Smith Incorporated</u>

Merrill Lynch, Pierce, Fenner & Smith Inc. is a wholly-owned subsidiary of NB Holdings Corporation.  NB Holdings Corporation is a direct subsidiary of Bank of America Corporation, which owns all of the common stock of NB Holdings Corporation.  Bank of America Corporation is a publicly held company whose shares are traded on the New York Stock Exchange.  Bank of America Corporation has no parent company and no publicly held corporation owns more than 10% of Bank of America Corporation's shares.

4.    <u>Morgan Stanley & Co. LLC</u>

Morgan Stanley & Co. LLC (f/k/a Morgan Stanley & Co. Inc.) is a limited liability company whose sole member is Morgan Stanley Domestic Holdings, Inc., a corporation wholly owned by Morgan Stanley Capital Management, LLC, a limited liability company whose sole member is Morgan Stanley.  Morgan Stanley is a publicly held corporation that has no parent corporation.

Based on Securities and Exchange Commission Rules regarding beneficial ownership, Mitsubishi UFJ Financial Group, Inc., 7-1 Marunouchi 2-

chome, Chiyoda-ku, Tokyo 100-8330, beneficially owns greater than 10% of

Morgan Stanley's outstanding common stock.

     5.   <u>UBS Securities LLC</u>

     UBS Securities LLC is jointly owned by UBS AG and UBS Americas

Inc.  UBS Americas Inc. is wholly-owned by UBS AG, a publicly held company.

UBS AG has no parent corporation and no publicly held corporation owns 10% or

more of its stock.

     6.   <u>Wachovia Capital Markets, LLC</u>

     On July 1, 2009, Wells Fargo Securities, LLC merged with and into

Wachovia Capital Markets, LLC.  On July 3, 2009, Wachovia Capital Markets,

LLC changed its name to Wells Fargo Securities, LLC.  Wells Fargo Securities,

LLC is an indirect subsidiary of Wells Fargo & Company, a publicly held

company.  Wells Fargo & Company has no parent corporation and no publicly held

corporation owns 10% or more of its stock.

# **TABLE OF CONTENTS**

STATEMENT OF THE ISSUES.................................................................1

STATEMENT OF THE CASE AND SUMMARY OF ARGUMENT ....................1

STATEMENT OF FACTS ........................................................6

     A.    The Offerings ................................................6

     B.    The Underwriter Defendants ..............................................7

     C.    Claims Against the Underwriter Defendants ......................................7

STANDARD OF REVIEW ......................................................9

ARGUMENT ....................................................................9

     I.    THE DISTRICT COURT CORRECTLY HELD THAT
          PLAINTIFFS FAILED TO ALLEGE ANY ACTIONABLE
          MISSTATEMENTS OR OMISSIONS IN THE OFFERING
          DOCUMENTS ................................................9

     II.    THE DISTRICT COURT CORRECTLY DENIED
          PLAINTIFFS' REQUEST TO REPLEAD ......................................11

CONCLUSION ................................................................13

# TABLE OF AUTHORITIES

## CASES

*Analytical Surveys, Inc. v. Tonga Partners, L.P.*,
  684 F.3d 36 (2d Cir. 2012) ...............................................................9

*ATSI Communications, Inc. v. Shaar Fund, Ltd.*,
  493 F.3d 87 (2d Cir. 2007) ...............................................................9

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007)...........................................................................9

*Fait v. Regions Financial Corp.*,
  655 F.3d 105 (2d Cir. 2011) ................................................2, 5, 10

*Freeman Group v. Royal Bank of Scotland Group PLC*,
  540 F. App'x 33 (2d Cir. 2013).....................................................5, 11

*Freidus v. Barclays Bank PLC*,
  734 F.3d 132 (2d Cir. 2013) .........................................................12

*Freidus v. ING Groep, N.V.*,
  No. 12-4514-cv, 2013 WL 6150769 (2d Cir. Nov. 22, 2013)......................10

*Gallop v. Cheney*,
  642 F.3d 364 (2d Cir. 2011) ......................................................6, 12

*Wilson v. Merrill Lynch & Co.*,
  671 F.3d 120 (2d Cir. 2011) .........................................................9

## STATUTES AND REGULATIONS

15 U.S.C. § 77k....................................................................................1

v

15 U.S.C. § 77*l*.......................................................................................1

17 C.F.R. § 230.415(a)..........................................................................6

## STATEMENT OF THE ISSUES

Whether the district court's with prejudice dismissal of Plaintiffs'
claims against the Underwriter Defendants under Sections 11 and 12(a)(2) of the
Securities Act of 1933, 15 U.S.C. §§ 77k, 77*l* (the "Securities Act") should be
affirmed where (i) Plaintiffs failed to allege actionable misstatements or omissions
in the offering documents for the securities offerings at issue; and (ii) amending the
complaint would be futile.

## STATEMENT OF THE CASE AND SUMMARY OF ARGUMENT[2]

On January 25, 2009, Plaintiffs filed a Consolidated Amended
Complaint against Deutsche Bank AG ("Deutsche Bank"), certain of its officers
and directors, and the Underwriter Defendants alleging violations of Sections 11
and 12 of the Securities Act, 15 U.S.C. §§ 77k, 77*l*.  In the Consolidated Amended
Complaint, Plaintiffs alleged that the registration statements and prospectuses
(collectively, the "Offering Documents") relating to six offerings by Deutsche
Bank of preferred securities between October 2006 and May 2008 underwritten by
some or all of the Underwriter Defendants were "false and misleading."  Among
other things, Plaintiffs alleged that the Offering Documents incorporated public

---

[2] The Underwriter Defendants join in and incorporate the arguments set forth in the
brief submitted by the Deutsche Bank and Individual Defendants (the "Deutsche
Bank Defendants' Brief").

filings that purportedly failed to present accurate disclosures in connection with

Deutsche Bank's mortgage-related assets.  Plaintiffs further alleged that "DB

improperly valued these assets using internally generated valuation models that

relied on variables and highly subjective forward-looking estimates supplied by

DB's own management."  (J.A. 53 at ¶ 94.)[3]

On March 26, 2010, Defendants moved to dismiss the Consolidated

Amended Complaint.  (J.A. 100-101, 292-94.)  By Order dated August 19, 2011,

the district court (Hon. Deborah A. Batts) granted in part and denied in part

Defendants' motions to dismiss.  (J.A. 305-334.)  The district court dismissed all of

Plaintiffs' claims concerning one of the six offerings at issue (the October 2006

Offering).  (J.A. 312-16, 334.)  In addition, the district court dismissed Plaintiffs'

Section 12(a)(2) claims for lack of standing.  (J.A. 330, 334.)  The district court

denied the motions to dismiss in all other respects.  (J.A. 334.)

On August 23, 2011, this Court issued its decision in *Fait v. Regions*

*Financial Corp.*, 655 F.3d 105, 110 (2d Cir. 2011), holding, *inter alia*, that liability

under the Securities Act for opinions will lie "only to the extent that the statement

was both objectively false and disbelieved by the defendant at the time it was

expressed."  Thereafter, on August 31, 2011, Defendants jointly moved for

reconsideration of the district court's August 19, 2011 order to the extent it denied

---

[3] References to the Joint Appendix are in the form "J.A. __".

Defendants' motions to dismiss.  (J.A. 335-36.)  In doing so, Defendants cited to, among other things, the Consolidated Amended Complaint's disclaimers of intentional, knowing or reckless misconduct.  (*See* J.A. 27 at ¶ 1, J.A. 90 at ¶ 189, J.A. 92 at ¶ 203.)

Following the issuance of this Court's decision in *Fait*, as well as the filing of Defendants' motion for reconsideration based on *Fait*, on September 19, 2011, Plaintiffs filed a Second Consolidated Amended Complaint.  (JA 337-403.) Significantly, the Second Consolidated Amended Complaint once again disclaimed intentional, knowing or reckless misconduct.  (*See* J.A. 338 at ¶ 1, J.A. 395-96 at ¶ 174, J.A. 398 at ¶ 187.)

On August 10, 2012, the district court granted Defendants' motion for reconsideration and dismissed with prejudice Plaintiffs' remaining claims.  (J.A. 409.)  The district court held that Plaintiffs "specifically aver that none of their claims are based on knowing misconduct by the Defendants," which "alone is fatal to Plaintiffs' claims after *Fait*."  (J.A. 408.)  In addition, because "Plaintiffs specifically state[d] that none of their allegations are based on knowing misconduct, and the challenged statement amount[ed] to opinions which cannot form the basis of claims under the Securities Act unless Defendants subjectively disbelieved those opinions," the district court held that "amendment would be futile."  (J.A. 409.) Judgment was entered on August 17, 2012.  (J.A. 410.)

3

On September 13, 2012, 34 days after the district court's August 10, 2012 order and 27 days after entry of final judgment, Plaintiffs moved for relief from judgment, arguing that (i) *Fait* purportedly constituted an "intervening change in controlling law" that "set a pleading standard plaintiffs never had an opportunity to meet" and (ii) purported "newly discovered evidence" "allow[ed] plaintiffs to meet the standard set in *Fait*." (JA 427.)  Along with their post-judgment motion, Plaintiffs submitted a Proposed Third Consolidated Amended Complaint, in which they, *for the first time*, sought to allege that "defendants had actual subjective knowledge of many of the false and/or misleading statements described herein." (J.A. 454 at ¶ 1.)

By order dated May 15, 2013, the district court denied Plaintiffs' post-judgment motion.  (J.A. 746-52.)  The district court held that *Fait* "does not constitute an intervening change in controlling law" because "it was decided almost a year before the Court issued its Opinion, and was relied upon in the Court's analysis." (J.A. 749.)  In addition, the district court held that all of Plaintiffs' purported "newly discovered evidence" was actually "available prior to the filing of the Clerk's judgment on August 17, 2012," thereby precluding reconsideration.  (J.A. 750-51.)

As set forth in the Deutsche Bank Defendants' Brief as well as below, the district court's dismissal of the Consolidated Amended Complaint with

4

prejudice should be affirmed in all respects.  *First*, Plaintiffs' allegations regarding Deutsche Bank's valuations of its mortgage-related assets are nothing more than challenges to the subjective opinions of Deutsche Bank.  As this Court has made clear, in order for such statements "to give rise to liability under sections 11 and 12, plaintiff must allege that defendant's opinions were both false and not honestly believed when they were made."  *Fait*, 655 F.3d at 113; *see also Freeman Grp. v. Royal Bank of Scotland Grp. PLC*, 540 F. App'x 33, 37 (2d Cir. 2013).  The Consolidated Amended Complaint, however, was bereft of any allegations that Deutsche Bank did not truly believe its valuations at the time they were issued. (J.A. 408 ("Plaintiffs must allege that Defendants did not honestly believe those valuations when made.  The Complaint in this matter contains no such allegations.").)  Indeed, Plaintiffs specifically disavowed any such knowledge by Deutsche Bank.  (*See* J.A. 27 at ¶ 1, J.A. 90 at ¶ 189, J.A. 92 at ¶ 203.) Accordingly, the district court correctly dismissed Plaintiffs' Securities Act claims for failure to state a claim.  (*See* Point I *infra*.)

Second, the district court was correct in dismissing the Consolidated Amended Complaint with prejudice.  At the time of the dismissal, Plaintiffs had disclaimed intentional, knowing or reckless misconduct on the part of Defendants in each of the complaints filed in this action.  Indeed, even after *Fait* was decided and Defendants had filed a motion for reconsideration based on *Fait*, Plaintiffs

filed a Second Consolidated Amended Complaint that once again *disclaimed intentional, knowing or reckless misconduct.* (*See* J.A. 338 at ¶ 1, J.A. 395-96 at ¶ 174, J.A. 398 at ¶ 187.)  Given Plaintiffs' repeated representations that their claims were not based on knowing misconduct, and because the challenged statements consisted of opinions that, under this Court's ruling in *Fait* cannot form the basis of a Securities Act claim, the district court properly held that amendment would be futile. *See, e.g.*, *Gallop v. Cheney*, 642 F.3d 364, 369 (2d Cir. 2011) ("[I]n the absence of any indication that Gallop could – or would – provide additional allegations that might lead to a different result, the District Court did not err in dismissing her claim with prejudice.").  (*See* Point II *infra.*)

## STATEMENT OF FACTS

The Underwriter Defendants adopt and incorporate by reference the Counter-Statement of Facts set forth in the Deutsche Bank Defendants' Brief and emphasize the following additional facts:

A.    The Offerings

Deutsche Bank filed a shelf registration statement[4] with the Securities and Exchange Commission on or about October 10, 2006 (the "Registration Statement"). (J.A. 27 at ¶ 2.)  Between October 2006 and May 2008, Deutsche

---

[4] A shelf registration statement allows securities to "be registered for an offering to be made on a continuous or delayed basis in the future."  17 C.F.R. § 230.415(a).

Bank issued preferred securities in six separate offerings (collectively, the

"Offerings") and filed prospectus supplements to the Registration Statement.  (*Id.*)

The Offerings were as follows:

- 6.375% Noncumulative Trust Preferred Securities of Deutsche Bank Capital Funding Trust VIII, offered in October 2006;

- 6.55% Trust Preferred Securities of Deutsche Bank Contingent Capital Trust II, offered in May 2007;

- 6.625% Noncumulative Trust Preferred Securities of Deutsche Bank Capital Funding Trust IX, offered in July 2007;

- 7.35% Noncumulative Trust Preferred Securities of Deutsche Bank Capital Funding Trust X, offered in November 2007;

- 7.60% Trust Preferred Securities of Deutsche Bank Contingent Capital Trust III, offered in February 2008; and

- 8.05% Trust Preferred Securities of Deutsche Bank Contingent Capital Trust V, offered in May 2008.  (*Id.*)

B.    The Underwriter Defendants

The Underwriter Defendants are financial services firms that acted as

underwriters for certain of the Offerings.  (J.A. 38-39 at ¶¶ 47-52.)

C.    Claims Against the Underwriter Defendants

The Consolidated Amended Complaint asserted two claims against

the Underwriter Defendants.  Count I alleged that the Underwriter Defendants

violated Section 11 of the Securities Act and Count II alleged that the Underwriter

Defendants violated Section 12(a)(2) of the Securities Act.  The Consolidated

7

Amended Complaint generally alleged, in formulaic fashion, that: (i) the Offerings took place; (ii) certain financial institutions served as underwriters for particular Offerings; (iii) the Offering Documents were "false and misleading, contained untrue statements of material fact, omitted to state other facts necessary to make the statements not misleading, and omitted to state material facts required to be stated therein;" (iv) the Underwriter Defendants did not make "a reasonable investigation or possess[] reasonable grounds for the belief that the statements contained in the [Offering Documents] were true and without omissions of any material facts and were not misleading;" and, as a result, (v) the Underwriter Defendants are liable for violations of Sections 11 and 12(a)(2) of the Securities Act. (JA 90-93 at ¶¶ 191, 194, 196-199, 206-209.)

The Section 11 and Section 12(a)(2) claims are based on the same alleged misstatements and omissions. Plaintiffs specifically allege that "[t]he Offering Materials were false and misleading, in that they misrepresented and/or omitted material facts regarding [Deutsche Bank's] significant exposure to RMBS/CDO securities and other mortgage-related assets" and "omitted the significant risks inherent in [Deutsche Bank's] highly leveraged 'proprietary trading' operations." (J.A. 30 at ¶¶ 7-8.)

## STANDARD OF REVIEW

In *Bell Atlantic Corp. v. Twombly*, the Supreme Court held that plaintiffs must allege facts sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 99 (2d Cir. 2007) ("Allegations that are conclusory or unsupported by factual assertions are insufficient."). The dismissal of a complaint under Rule 12(b)(6) is reviewed *de novo* on appeal. *See Wilson v. Merrill Lynch & Co.*, 671 F.3d 120, 128 (2d Cir. 2011). A district court's denial of a motion for reconsideration is reviewed for abuse of discretion. *See Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012), *cert. denied*, 133 S. Ct. 1805 (2013).

## ARGUMENT

## I.    THE DISTRICT COURT CORRECTLY HELD THAT PLAINTIFFS FAILED TO ALLEGE ANY ACTIONABLE MISSTATEMENTS OR OMISSIONS IN THE OFFERING DOCUMENTS

For the reasons set forth in the Deutsche Bank Defendants' Brief, the district court correctly held that Plaintiffs failed to allege any actionable misstatements or omissions in the Offering Documents. (*See* Deutsche Bank Defs.' Br. at 24-39.) Plaintiffs' allegations are nothing more than challenges to the subjective opinions of Deutsche Bank (*i.e.*, the alleged failure accurately to assess Deutsche Bank's exposure to mortgage-related assets and the alleged failure

9

accurately to estimate value-at-risk).  *See, e.g., Fait*, 655 F.3d at 113 (holding that disclosures regarding goodwill and loan loss reserves were matters of opinion, rather than fact).  Where, as here, the alleged misrepresentations are matters of opinion or judgment, plaintiffs must plead that defendants did not believe those opinions at the time they made them.  *See id.* ("[T]o give rise to liability under sections 11 and 12, plaintiff must allege that defendant's opinions were both false and not honestly believed when they were made.").  The Consolidated Amended Complaint, however, contained no such allegations.  In fact, Plaintiffs *specifically disclaimed* any allegations of knowing or reckless intent to mislead investors. (*See* J.A. 27 at ¶ 1, J.A. 90 at ¶ 189, J.A. 92 at ¶ 203.)

Accordingly, Plaintiffs failed to state a claim for violations of the Securities Act, and, for this reason alone, the district court was correct in dismissing the Consolidated Amended Complaint.[5]  *See Fait*, 655 F.3d at 113; *see also Freidus v. ING Groep, N.V.*, No. 12-4514-cv, 2013 WL 6150769, at *1 (2d Cir. Nov. 22, 2013) ("It is sufficient for our purposes to affirm the district court's determination that this statement [regarding the quality of RMBS assets] was one of opinion.  Liability for opinions under the Securities Act will lie 'only to the

---

[5]  *Fait*, moreover, squarely holds that dismissal is required even for those defendants who did not themselves make statements.  In *Fait*, this Court affirmed the dismissal of the complaint not just against the issuer, but also against "the underwriters of the 2008 Offering."  *Fait*, 655 F.3d at 108.

extent that the statement was both objectively false and disbelieved by the defendant at the time it was expressed.'") (citation omitted); *Freeman Group*, 540 F. App'x at 37 ("[I]nsofar as Freeman challenges the offering documents' characterization of RBS's risk-management procedures as effective, this Court has frequently recognized that similar assurances of efficacy qualify as opinions, which cannot give rise to liability under §§ 11 & 12(a)(2) unless 'both objectively false and disbelieved by the defendant at the time [they were] expressed.' . . . Freeman has not plausibly alleged that the Defendants-Appellees, at the time they published the relevant offering documents, actually believed that the risk-management procedures described were not effective.") (citations omitted).

## II.    THE DISTRICT COURT CORRECTLY DENIED PLAINTIFFS' REQUEST TO REPLEAD

For the reasons set forth in the Deutsche Bank Defendants' Brief, the district court properly denied Plaintiffs' request for leave to amend as "futile." (*See* Deutsche Bank Defs.' Br. at 39-46.)  Given Plaintiffs' repeated representations that their claims were not based on knowing misconduct and because the challenged statements consisted of opinions that under *Fait* cannot form the basis of a Securities Act claim, the district court properly held that

amendment would be futile.[6]  *See, e.g.*, *Gallop*, 642 F.3d at 369 ("[I]n the absence

of any indication that Gallop could – or would – provide additional allegations that

might lead to a different result, the District Court did not err in dismissing her

claim with prejudice.").

---

[6]  The instant case is distinguishable from *Freidus v. Barclays Bank PLC*, 734 F.3d
132, 141-42 (2d Cir. 2013), in which this Court held that the district court should
have permitted the plaintiffs to amend.  Unlike in *Barclays*, Plaintiffs here filed a
Second Amendment complaint that specifically disclaimed intentional, knowing or
reckless misconduct *after Fait* was decided and *after* Defendants filed a motion for
reconsideration based on *Fait*.  (J.A. 337-403.)  Plaintiffs only sought to change
their litigation position after they lost and judgment was entered.

## CONCLUSION

For the foregoing reasons, as well as those set forth in the Deutsche Bank Defendants' Brief, the Underwriter Defendants-Appellees respectfully request that this Court affirm: (i) the August 17, 2012 judgment granting Defendants' motion for reconsideration and dismissing the Consolidated Amended Complaint with prejudice and (ii) the May 15, 2013 order denying Plaintiffs' post-judgment motion.

Dated: New York, New York
       March 11, 2014

Respectfully submitted,

/s/ Jay B. Kasner
Jay B. Kasner
Scott D. Musoff
Gary J. Hacker
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000

*Attorneys for Defendants-Appellees*
*Banc of America Securities LLC, Citigroup*
*Global Markets Inc., Merrill Lynch, Pierce,*
*Fenner & Smith Incorporated, Morgan*
*Stanley & Co. Inc., UBS Securities LLC and*
*Wachovia Capital Markets, LLC*

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS, AND TYPE STYLE REQUIREMENTS**

The undersigned counsel hereby certifies that this brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 2,592 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).  This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced type face using Microsoft Word version 2010 in Times New Roman 14-point font.

Dated: New York, New York
        March 11, 2014

/s/ Jay B. Kasner
Jay B. Kasner
Scott D. Musoff
Gary J. Hacker
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000

*Attorneys for Defendants-Appellees*
*Banc of America Securities LLC, Citigroup*
*Global Markets Inc., Merrill Lynch, Pierce,*
*Fenner & Smith Incorporated, Morgan*
*Stanley & Co. Inc., UBS Securities LLC and*
*Wachovia Capital Markets, LLC*