**ROBBINS GELLER RUDMAN & DOWD LLP**

| Atlanta | Chicago | Melville | Philadelphia | San Francisco |
| Boca Raton | Manhattan | Nashville | San Diego | Washington, DC |

Steven F. Hubachek
shubachek@rgrdlaw.com

June 24, 2014

VIA ECF

Catherine O'Hagan Wolfe, Clerk of the Court
United States Court of Appeals
For The Second Circuit
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY  10007

      Re:    *Belmont Holdings Corp., et al. v. Deutsche Bank AG, et al.*
            Case No. 13-2364

Dear Ms. O'Hagan Wolfe:

      Appellants submit, under Fed. R. App. 28(j), the Brief for the United States as *Amicus Curiae* in Support of Vacatur and Remand, *Omnicare, Inc. v. Laborers District Council Construction Industry Pension Fund*, No. 13-435 (U.S. June 12, 2014) (available at http://www.justice.gov/osg/briefs/2013/3mer/1ami/toc3index.html) (copy attached) ("SG Brief"). That brief confirms that the SEC, for over 50 years, has interpreted §11 to reach claims based upon misleading opinions, including claims based upon "'estimates of value,'" *id.* at 33, without requiring subjective-falsity allegations. *See id.* at 31-33.

      The SEC's §11 construction is relevant because defendants contend that plaintiffs were obligated, after this Court decided *Fait v. Regions Fin. Corp.*, 655 F.3d 105 (2d Cir. 2011), and defendants moved to dismiss based upon *Fait*, to concede *Fait*'s applicability to plaintiffs' claims based upon defendants' valuation of Deutsche Bank's subprime/nonprime assets. Defendants claim that plaintiffs were obligated to allege facts satisfying the *Fait* standard either by amending the Consolidated Amended Complaint or including such allegations in the court-ordered Second Consolidated Amended Complaint **before** the district court determined whether *Fait* even applied to plaintiffs' claims.

      This Court rejects the notion that a plaintiff must amend before the district court resolves a motion to dismiss: "there is no such rule." *Williams v. Citigroup Inc.*, 659 F.3d 208, 214 (2d Cir. 2011) (citing *Foman v. Davis*, 371 U.S. 178 (1962)). But even if *Williams* had not already rejected defendants' argument, the SG Brief demonstrates that the SEC reads §11 the same way plaintiffs did: it reaches misleading valuation opinions without the necessity of alleging subjective falsity.

Robbins Geller
Rudman & Dowd LLP

June 24, 2014
Page 2

SG Brief at 31-33.  It was thus far from certain after *Fait* was decided that the district court would extend *Fait* beyond the subjective opinions regarding goodwill and loan-loss reserves at issue in *Fait*, 655 F.3d at 108, 112, to defendants' valuation of Deutsche Bank's assets.  Because *Fait*'s reach was – and remains – uncertain, plaintiffs' refusal to concede defendants' *Fait* motion cannot justify the district court's refusal to allow plaintiffs subsequently to file a complaint that satisfied *Fait* as in *Freidus v. Barclays Bank PLC*, 734 F.3d 132, 140 (2d Cir. 2013).

                Respectfully submitted,

                STEVEN F. HUBACHEK

cc:  All Counsel of Record